[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11629
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20335-UU-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THERON PETERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 21, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Theron Peterson appeals his above-guideline sentence of 24-months imprisonment, imposed after the revocation of his supervised release. He first argues that the district court erred by imposing an upward departure without notice. He next argues that his sentence is procedurally and substantively unreasonable because the district court neither considered the 18 U.S.C. § 3553(a) factors nor gave him the opportunity to confront relevant facts that developed at the sentencing hearing. After a thorough review of the record, we affirm.

I.

Peterson first argues that the district court erred by departing upward without giving him the required notice. Peterson did not object to the district court's failure to provide notice. When a defendant does not object to a district court's ruling, we review it for plain error. United States v. Perez, 661 F.3d 568, 583 (11th Cir. 2011) (per curiam). Plain error exists if: "(1) an error occurred, (2) the error was plain, (3) the error affected substantial rights in that it was prejudicial and not harmless, and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding." Id.

At sentencing, Peterson presented a complementary letter from his employer. Because the letter had not been verified, the district court recessed so Peterson's attorney could call the employer for verification. The employer said he had not signed the letter. Peterson admitted to forging the signature, but stated that

2

the contents of the letter were true and that he forged it only because he could not reach his employer. After asking the probation officer for the maximum term of imprisonment, the district court imposed the maximum of 24 months. It stated:

> And I do want the record to reflect that, of course, what swayed me here was the fact that I was given a letter which purported to be from the defendant's supervisor, which actually appears to have been written by someone other than the supervisor and the supervisor's name forged. In addition, it was represented to me through counsel at least that Mr. Peterson was employed when he hasn't been employed since October 2013.
>
> So, for those reasons and because Mr. Peterson came in here and attempted to obstruct justice and because he violated the terms and conditions of his supervised release and he has a record longer than my arm, for all those reasons the maximum term is the most appropriate term.

Federal Rule of Criminal Procedure 32, which governs "Sentencing and Judgment," provides: "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h). It further provides: "At sentencing, the court . . . must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Id. 32(i)(1) & (1)(C). The Supreme Court has held that the

3

notice requirement applies only to departures, not to variances. Irizarry v. United States, 553 U.S. 708, 714–16, 128 S. Ct. 2198, 2202–04 (2008).[1]

The Supreme Court has defined "departure" as "a term of art under the Guidelines": it "refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." Id. at 714, 128 S. Ct. at 2202. To determine whether the district court applied a departure or a variance, we consider (1) "whether the district court cited to a specific Guideline departure provision" and (2) whether "the court's rationale was based on its determination that the Guidelines were inadequate." United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009). In Kapordelis we held that a court imposed a variance, not a departure, because it did not cite to a specific departure provision and its rationale was based on the § 3553(a) factors and a finding that the Guidelines were inadequate. Id.

The district court did not plainly impose a departure here. It did not cite to a specific departure provision, and the record reflects that its decision was based on the § 3553(a) factors.[2] Because the sentence was not plainly a departure, it was not plain error to vary upward without giving notice.

---

[1] Furthermore, Rule 32.1, which governs "Revoking or Modifying Probation or Supervised Release," does not require a court to give notice that it is contemplating a departure or variance.

[2] While the district court did mention obstruction of justice, and the Guidelines do provide an enhancement for obstruction of justice, see United States Sentencing Guideline § 3C1.1, this did

4

II.

Peterson also argues the sentence was procedurally or substantively unreasonable. We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). We review reasonableness for abuse of discretion. Gall v. United States, 552 U.S. 38, 40–41, 128 S. Ct. 586, 591 (2007). We "first ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." Id. at 51, 128 S. Ct. at 597. We then ask whether the sentence was substantively reasonable in light of the totality of the circumstances. Id. The party challenging the sentence must show unreasonableness. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

When imposing a sentence of imprisonment upon revocation of supervised release, the district court may consider: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) affording adequate deterrence; (3) protecting the public from further crimes of the defendant; (4) providing the defendant with needed educational or vocational training, medical

---

not amount to a departure for two reasons: the court did not specifically refer to that Guidelines section, and that section only provides for an enhancement, not a departure.

5

care, or other correctional treatment in the most effective manner; (5) the kinds of sentences available and the Guidelines range; (6) the Sentencing Commission's pertinent policy statements; (7) avoiding unwarranted sentencing disparities; and (8) providing restitution to any victims.  18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7); see also id. § 3583(e).

A court can abuse its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).  A court "commits a clear error of judgment when it considers the proper factors but balances them unreasonably." Id.  The court need not state on the record that it has considered each of the § 3553(a) factors or discuss each of the factors.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  Even if the court does not mention § 3553(a), the record can show that it considered the § 3553(a) factors.  See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (holding that a district court considered the sentencing factors despite not mentioning § 3553(a), because the court considered: the defendant's unlawful conduct, his objections, his motion for a downward departure, his criminal history, the parties' arguments, the advisory Guidelines range, and the PSR).

When a court imposes a sentence outside the Guidelines range, it must ensure that there is a sufficiently compelling justification to support the degree of variance. Gall, 552 U.S. at 50, 128 S. Ct. at 597. We have found no abuse of discretion where a sentencing court imposes an upward variance based on its view that the criminal-history category as calculated by the Guidelines does not accurately reflect the defendant's criminal history. See United States v. Shaw, 560 F.3d 1230, 1240–41 (11th Cir. 2009). We give due deference to a district court's decision that the § 3553(a) factors justify a variance. Gall, 552 U.S. at 51, 128 S. Ct. at 597. We may vacate a sentence for a variance only if we have "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Shaw, 560 F.3d at 1238 (quotation omitted).

Peterson's 24-month sentence was procedurally and substantively reasonable. The district court adopted the probation officer's calculation of the Guidelines range and justified the sentence by stating that it had "carefully considered the statements of the parties and the information contained in the violation report." Based on Peterson's dishonest conduct and his lengthy criminal history, the court decided to impose a sentence above the Guidelines range. The record reflects that the court properly weighed and considered the relevant

sentencing factors—including Peterson's history and characteristics, the need to deter criminal conduct, the kinds of sentences available and the Guidelines range— and imposed a sentence that was supported by the record and met the goals encompassed within § 3553(a).

**AFFIRMED**.